UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| AL J. SCHNEIDER COMPANY<br>D/B/A GALT HOUSE<br><br>**Plaintiff**<br><br>v.<br><br>INFRAGARD NATIONAL MEMBERS<br>ALLIANCE, INC.<br><br>**Defendant** | Case No. 3:18-cv-60-DJH |

## ANSWER

For its answer to the December 21, 2017 Complaint (the "Complaint") filed against it by plaintiff Al J. Schneider Company d/b/a Galt House ("Galt House"), defendant InfraGard National Members Alliance, Inc. ("InfraGard") states as follows:

1. In response to the averments of Complaint Paragraph 1, InfraGard states that it lacks sufficient information to admit or deny those averments and, therefore, denies them.

2. In response to the averments of Complaint Paragraph 2, InfraGard states that it is a corporation formed under the laws of Delaware, with a principal office and principal place of business in Calaveras County, California.

3. InfraGard denies the averments of Complaint Paragraph 3 because they are vague and ambiguous, and because InfraGard disputes liability on the claims asserted in the Complaint. InfraGard states further that the United States District Court for the Western District of Kentucky, Louisville Division (the "Court") is the appropriate venue for this action and that the Court has subject matter jurisdiction over this action.

4. InfraGard denies the averments of Complaint Paragraph 4 because they are vague and ambiguous, and because InfraGard disputes liability on the claims asserted in the Complaint. InfraGard states further that the Court is the appropriate venue for this action or that the Court has subject matter jurisdiction over this action. InfraGard denies the remaining averments of Complaint Paragraph 4.

5. In response to the averments of Complaint Paragraph 5, InfraGard denies that it ever entered into a contract with the Galt House. InfraGard states that it conducted negotiations with the Galt House that explored the possibility of holding a conference at the Galt House hotel, but those negotiations never resulted in the consummation of a binding agreement. InfraGard denies the remaining averments of Complaint Paragraph 5.

6. The averments of Complaint Paragraph 6 constitute a legal conclusion to which no response is required, and InfraGard, therefore, denies them.

7. In response to the averments of Complaint Paragraph 7, InfraGard denies that it ever entered into a contract with the Galt House. InfraGard states further that it does not dispute that the Court is the appropriate venue for this action. InfraGard denies the remaining averments of Complaint Paragraph 7.

8. The averments of Complaint Paragraph 8 purport to describe the terms of a document, the terms of which speak for themselves, and InfraGard denies the averments of Complaint Paragraph 8 to the extent they are inconsistent with the terms of that document. InfraGard denies the remaining averments of Complaint Paragraph 8.

9. InfraGard denies the averments of Complaint Paragraph 9.

10. In response to the averments of Complaint Paragraph 10, InfraGard states that the terms of the document attached to the Complaint as Exhibit B speak for themselves, and

InfraGard denies the averments of Complaint Paragraph 10 to the extent they are inconsistent with the terms of that document. InfraGard denies the remaining averments of Complaint Paragraph 10.

11. In response to the averments of Complaint Paragraph 11, InfraGard states that the terms of the document purportedly described in Complaint Paragraph 11 speak for themselves, and InfraGard denies the averments of Complaint Paragraph 11 to the extent they are inconsistent with the terms of that document. The averments of Complaint Paragraph 11, purporting to describe the legal effect of the document described in that paragraph, constitute a legal conclusion to which no response is required, and to the extent a response is required, InfraGard denies those averments. InfraGard denies the remaining averments of Complaint Paragraph 11.

12. In response to the averments of Complaint Paragraph 12, InfraGard states that the terms of the document purportedly described in Complaint Paragraph 12 speak for themselves, and InfraGard denies the averments of Complaint Paragraph 12 to the extent they are inconsistent with the terms of that document. The averments of Complaint Paragraph 12, purporting to describe the legal effect of the document described in that paragraph, constitute a legal conclusion to which no response is required, and to the extent a response is required, InfraGard denies those averments. InfraGard denies the remaining averments of Complaint Paragraph 12.

13. In response to the averments of Complaint Paragraph 13, InfraGard states that it lacks sufficient information to admit or deny those averments and, therefore, denies them.

14. In response to the averments of Complaint Paragraph 14, InfraGard states that the terms of the document purportedly described in Complaint Paragraph 14 speak for themselves,

and InfraGard denies the averments of Complaint Paragraph 14 to the extent they are inconsistent with the terms of that document. The averments of Complaint Paragraph 14, purporting to describe the legal effect of the document described in that paragraph, constitute a legal conclusion to which no response is required, and to the extent a response is required, InfraGard denies those averments. InfraGard denies the remaining averments of Complaint Paragraph 14.

15. In response to the averments of Complaint Paragraph 15, InfraGard states that the terms of the document purportedly described in Complaint Paragraph 15 speak for themselves, and InfraGard denies the averments of Complaint Paragraph 15 to the extent they are inconsistent with the terms of that document. The averments of Complaint Paragraph 15, purporting to describe the legal effect of the document described in that paragraph, constitute a legal conclusion to which no response is required, and to the extent a response is required, InfraGard denies those averments. InfraGard denies the remaining averments of Complaint Paragraph 15.

16. InfraGard denies the averments of Complaint Paragraph 16.

17. InfraGard denies the averments of Complaint Paragraph 17.

18. InfraGard denies the averments of Complaint Paragraph 18.

19. InfraGard denies the averments of Complaint Paragraph 19.

20. InfraGard denies the averments of Complaint Paragraph 20.

21. InfraGard denies the averments of Complaint Paragraph 21.

22. In response to the averments of Complaint Paragraph 22, InfraGard states that the terms of the document purportedly described in Complaint Paragraph 22 speak for themselves, and InfraGard denies the averments of Complaint Paragraph 22 to the extent they are

inconsistent with the terms of that document. InfraGard denies the remaining averments of Complaint Paragraph 22.

23. In response to the averments of Complaint Paragraph 23, InfraGard states that it denies liability to the Galt House for any "cancellation fee" and, for this reason, has not paid the Galt House any such fee. InfraGard denies the remaining averments of Complaint Paragraph 23.

24. InfraGard denies the averments of Complaint Paragraph 24.

25. InfraGard denies the averments of Complaint Paragraph 25.

26. In response to the averments of Complaint Paragraph 26, InfraGard states that it is not liable to the Galt House for any amount of money and, for this reason, has not paid the Galt House $165,461.76. InfraGard denies the remaining averments of Complaint Paragraph 26.

27. InfraGard denies the averments of Complaint Paragraph 28.

## **Affirmative Defenses**

28. InfraGard denies all averments of the Complaint not specifically admitted in this Answer.

29. The Complaint fails to state a claim upon which relief can be granted.

30. The purported agreement attached to the Complaint at Exhibit A does not constitute a binding contract between the parties because of failure of contract formation, including but not limited to due to failure of an offer to be accepted before revocation or termination. Accordingly, there was no binding contract between InfraGard and the Galt House.

31. Alternatively, if a contract was formed, the liquidated damages and the "cancellation clause" referenced in the Complaint are punitive and unenforceable under Kentucky law.

32. Alternatively, if a contract was formed, the Galt House suffered no damages from cancellation of the contract.

33. The Galt House is barred from recovery by the failure to mitigate damages and avoid consequences.

34. The Galt House is barred from recovery to the extent it has failed to join an indispensable party to this litigation.

35. The claims asserted in the Complaint are barred by the Statute of Frauds.

36. The claims asserted in the Complaint are barred by the doctrines of accord and satisfaction, contributory negligence, estoppel, failure of consideration, injury by fellow servant, laches, release, unclean hands, and waiver.

37. InfraGard reserves the right to amend its answer to add additional affirmative defenses or to add counterclaims or third party claims, to the extent they are revealed through the course of discovery in this action.

**Jury Demand**

38. Pursuant to CR 38, InfraGard hereby demands trial by jury of any and all issues presented in this action that are so triable.

WHEREFORE, defendant InfraGard demands as follows:

(a) Dismissal of all claims asserted in the Complaint, with prejudice;

(b) An award of all fees and costs incurred in this action, including reasonable attorneys' fees; and

(c) All other relief to which InfraGard may be entitled.

Respectfully submitted,

/s/ Matthew R. Lindblom
Douglas F. Brent
Matthew R. Lindblom
STOLL KEENON OGDEN, PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202
T: 502-333-6000
F: 502-333-6099
douglas.brent@skofirm.com
matt.lindblom@skofirm.com

*Counsel for Defendant, InfraGard National Members Alliance, Inc.*

## **CERTIFICATE OF SERVICE**

  I certify that, on January 29, 2018, I served a copy of the foregoing by United States mail, postage prepaid, and by electronic mail, to the following party at the following addresses:

David R. Deatrick, Jr.
Amanda L. Baker
Deatrick & Spies, P.S.C.
P.O. Box 4668
Louisville, KY 40204

               /s/ Matthew R. Lindblom
               Matthew R. Lindblom
               *Counsel for Defendant, InfraGard*
               *National Members Alliance, Inc.*

1545608.1